**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 13-4873**

---

UNITED STATES OF AMERICA,

                    Plaintiff – Appellee,

        v.

NEAL ARMSTRONG

                    Defendant - Appellant.

---

Appeal from the United States District Court for the District of
South Carolina, at Spartanburg.  Mary G. Lewis, District Judge.
(7:12-cr-00704-MGL-2)

---

Submitted:  June 26, 2014          Decided:  July 24, 2014

---

Before NIEMEYER, WYNN, and FLOYD, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

David W. Plowden, Assistant Federal Public Defender, Greenville,
South Carolina, for Appellant. Andrew Burke Moorman, OFFICE OF
THE UNITED STATES ATTORNEY, Greenville, South Carolina, for
Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Neal Armstrong pleaded guilty to conspiracy to possess with intent to distribute and distribute more than 500 grams of cocaine, in violation of 21 U.S.C. § 846 (2012). The district court sentenced Armstrong to eighty-seven months of imprisonment and he now appeals. Appellate counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), questioning whether the sentence is procedurally reasonable. Armstrong was informed of his right to file a pro se supplemental brief but has not done so. Finding no error, we affirm.

We review a sentence for reasonableness, applying an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007); see also United States v. Layton, 564 F.3d 330, 335 (4th Cir. 2009). In so doing, we examine the sentence for "significant procedural error," including "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) [(2012)] factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." Gall, 552 U.S. at 51. We will presume on appeal that a sentence within a properly calculated advisory Guidelines range is reasonable. United States v. Allen, 491 F.3d 178, 193 (4th Cir. 2007); see Rita v. United States, 551

2

U.S. 338, 346-56 (2007) (permitting presumption of reasonableness for within-Guidelines sentence).

Moreover, a district court must conduct an "individualized assessment" of the particular facts of every sentence, whether the court imposes a sentence above, below, or within the Guidelines range. United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009). In addition, "[w]here [the parties] present[] nonfrivolous reasons for imposing a . . . sentence [outside the advisory Guidelines range,] . . . a district judge should address the party's arguments and explain why he has rejected those arguments." Id. at 328 (internal quotation marks and citation omitted). We have thoroughly reviewed the record and conclude that the court considered the parties' sentencing arguments and sufficiently explained its reasons for choosing the sentence imposed.

We have examined the entire record in accordance with the requirements of Anders and have found no meritorious issues for appeal. Accordingly, we affirm the judgment of the district court. This court requires that counsel inform Armstrong, in writing, of the right to petition the Supreme Court of the United States for further review. If Armstrong requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must

3

state that a copy thereof was served on Armstrong.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid in the decisional process.

AFFIRMED